UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEE HENRICUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:14-cv-2699-KJN<br><br><br><br>ORDER |

　　　　Plaintiff, represented by counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 3.)[1]  Generally, a filing fee of $400 is presently required to commence a civil action in this court.  However, the court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor.  28 U.S.C. § 1915(a)(1).

　　　　Plaintiff's declaration in support of his application to proceed in forma pauperis states that he is receiving pension payments of $3,100 per month and worker's compensation payments of $1,300 per month, which translates to a gross income of approximately $52,800 per year.[2]  (ECF No. 3.)  Plaintiff also states in his application that he currently has $20,000 in cash or in a

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

[2] ($3,100 + $1,300) x 12 = $52,800.

1

checking or savings account. (Id.) Plaintiff further states that he owns real estate used as his residence that is valued at $360,000 and a 2007 Ford Truck valued at $7,500. (Id.) Plaintiff does not indicate whether he owns the parcel of real property subject to a mortgage or his truck subject to a vehicle loan. Furthermore, plaintiff does not indicate that he has any other payment obligations or monthly expenses. Finally, plaintiff notes that he does not have any dependents to support. (Id.)

According to the United States Department of Health and Human Services, the poverty guideline for a person with no dependents (and not residing in Alaska or Hawaii) is $11,670 for 2014. See http://aspe.hhs.gov/poverty/14poverty.cfm. Thus, with an annual income of approximately $52,800, plaintiff's income is roughly 452% of the 2014 poverty guideline.

As noted above, a filing fee of $400 is required to commence a civil action in this court. Here, plaintiff's declaration shows that he has an annual income many times over the amount listed in the 2014 poverty guideline, owns other substantial assets, does not have any monthly expenses, debts, or other financial obligations,[3] and does not have any dependents. Accordingly, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 3) is denied without prejudice.
2.  Within 28 days of this order, plaintiff shall pay the applicable filing fee or file an amended application demonstrating his entitlement to proceed in forma pauperis if he

---

[3] Plaintiff includes in his application a notation next to the $20,000 he claims to have in cash or in a checking or savings account that indicates that plaintiff may have set aside these funds to pay "for roof, heating, and air condition system repairs." (ECF No. 3 at 2.) However, this notation, without further explanation, makes it unclear whether plaintiff currently owes debts for these repairs or is merely holding these funds in anticipation of using them for these purposes at a later time, or that the suggested repairs will require most or all of the $20,000. Nevertheless, even if the court were to disregard the entire $20,000 amount plaintiff claims to hold in cash or in a checking or savings account, plaintiffs representations regarding his other assets and income make it abundantly clear that plaintiff does not qualify to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

2

1 | can do so in good faith.  Plaintiff's failure to pay the filing fee or file an amended
2 | application by the above deadline will result in a recommendation that plaintiff's
3 | complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure
4 | 41(b).

IT IS SO ORDERED.

Dated: November 19, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE